HAMITER, Justice.
The defendant herein, Lucien Peters, is appealing from his conviction, as well as from his sentence to nine years at hard labor in the State Penitentiary, on a charge-of simple burglary. For a reversal thereof, he relies on one bill of exceptions.
It appears that prior to his trial by a jury, the defendant objected to the petit jury venire and moved that it be dismissed or quashed due to alleged racial discrimination. He contended, as he does in this court, that the general venire was improperly constituted because Negroes were systematically included by the jury commission but limited to 20% of those selected ; and that this was in violation of his constitutional rights. The motion was denied.
*276 The pertinent law of this state relative to the selection of grand and petit juries (Code of Criminal Procedure Articles 401 et seq.) states that the jury commission from each parish shall select a list of not less than three hundred qualified persons. The name of each so selected is written on a separate slip of paper and placed in a box-, labeled “General Venire Box”. From this 'box are drawn, “indiscriminately and by lot”, the names of at least thirty persons who shall make up the petit jury panel.
■■ Following this defendant’s challenge of the petit jury.venire, evidence was adduced as to how it was selected. Irby Hebert, who is the Clerk of Court and an ex-officio member of the jury commission in and for Vermilion Parish, testified that the general jury venire here was selected in the manner usually followed since the decisions in numerous recent cases which have involved the question of whether Negroes were on the jury list. The present procedure, he said, is to select the general venire'of at least three hundred names at random, without regard to race, from various lists (such as of registered voters, telephone subscribers, utility users, etc.), as well as námes of persons particularly known to-the five commission members who are scattered throughout the parish.
Thereafter, the list is checked to see how many Negroes makeup the total of at least three hundred. He testified that “We figure about 20%. If it’s more, okay; if it’s less, why, we try to make it at least twenty percent so that they will be represented in the venire box.” (While it is not specifically so stated in the record, it appears to be agreed that 20% is the Negro population in the parish.) (Italics ours.)
The petit jury panel of thirty names is then drawn by lot from the general venire list as so prepared. (It is not contended here that any irregularity occurred in the drawing of names for the petit jury panel.)
In our opinion the above described intentional inclusion of Negroes on the general venire did not amount to discrimination against this defendant in violation of his constitutional rights. Of course, he relies primarily on certain observations of the United States Supreme Court in Cassel v. State of Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839. But despite the language referred to, which apparently is dicta, we do not understand such decision to mean that a conscious and intentional inclusion of Negroes on a jury venire amounts to unconstitutional discrimination. To the contrary, as we read the majority opinion, the court found that there the members of the commission discriminated by excluding Negroes because they did not know any who were qualified and they failed to go out and acquaint themselves with the Negro population. This resulted in there being either none or only one Negro on each of twenty-one consecutive lists. Indeed, the mandate *278 of the Cassel decision to the jury commissioners, it seems to us, was to do exactly what the commissioners sought to do here. In effect, it was: “If you don’t know any qualified Negroes, go out and find some.”
Following the Cassel decision the United States Court of Appeal, Fifth Circuit, in Collins v. Walker, 329 F.2d 100, on rehearing, 335 F.2d 417 (a case arising from Louisiana), held that a purposeful inclusion of Negroes on the grand jury venire (not the general venire, as here) violated the constitutional prohibition against racial discrimination. But the Collins case has since been specifically overruled by Brooks v. Beto, 366 F.2d 1 (United States Court of Appeal, Fifth Circuit, cert. denied 386 U.S. 975, 87 S.Ct. 1169, 18 L.Ed. 135). The organ of the court in the Brooks case, in a well reasoned opinion, pointed out the impossibility of preparing a venire which represents a true cross-section of the com-munity without consciously taking race into consideration, and that a following of' the action suggested by the Cassel decision inescapably requires an intentional awareness of race in making up the jury lists.
Even the Collins decision, which dealt with intentional inclusion on the grand jury venire, recognized that it would, perhaps, be the duty of the commission to purposefully include Negroes on the general venire in order to comply with .recent, United States Supreme Court decisions. Therein, after referring to such decisions, the majority opinion stated: “* * * Thus it may be that the ‘general venire list’ of three hundred persons is required to reflect a suitable cross-section of the population, and that the jury commissioners have an affirmative duty to include qualified Negroes in that list. If such a requirement and duty have once been met in compiling the ‘general venire list’ no repetition 'is necessary or even allowed in the selection of the list of twenty ‘therefrom’. * * *
This defendant particularly asserts that the evidence adduced herein shows that the commission arbitrarily limited the number of Negroes to 20% of the general ve-' nire list, and that no general venire list has , ever been made up of more than 20% Ne-' groes. We have carefully examined the record (which is very brief)' and find no evidence of either of these assertions. To’ the contrary, the testimony of Hebert, as' quoted above, indicates that sometimes the list as initially prepared at random con-' tained in excess of 20% Negroes.
For the reasons assigned the conviction and sentence are affirmed.